IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ROBERT WALLACE HENDERSON,** § | | |
| Petitioner, § | | |
| § | | |
| V. § | | A-06-CA-430-LY |
| § | | |
| **NATHANIEL QUARTERMAN,** § | | |
| Respondent. § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's claims for habeas corpus relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 16). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

### STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 21st Judicial District Court of Bastrop County, Texas, in cause

number 7976.  Petitioner is not challenging his holding conviction in his habeas corpus application. Rather, Petitioner challenges prison disciplinary case number 20060175854.

On February 28, 2006, Petitioner was found guilty of threatening to escape, a Level 1, Code 1.4 violation of the TDCJ-CID Disciplinary Rules and Procedures for Offenders Handbook, and threatening to inflict harm, physical or otherwise, on an officer, a Level 1, Code 4.0 violation. (Disciplinary Hearing Record ("DHR") at 1).  As a result of the disciplinary hearing, Petitioner received 30 days loss of recreation and commissary privileges, a reprimand, 15 days of solitary confinement, a reduction in line class, from L1 to L3, and a forfeiture of 60 days of good conduct credits.  (DHR at 1,10).

Petitioner filed a Step 1 grievance appealing the disciplinary proceeding on March 6, 2006. (Disciplinary Grievance Records ("DGR") at 1).  It was denied on March 16, 2006.  (DGR at 2).  The records indicate Petitioner did not file a Step 2 grievance regarding this matter.

On June 2, 2006, Petitioner executed his federal application for habeas corpus relief.  He argues he received ineffective assistance of counsel because counsel substitute also holds the position of law librarian, which poses a conflict of interest, and counsel substitute failed to notice Sergeant Lighten was the charging officer and the investigator, which is a violation of TDCJ policy. Petitioner further argues TDCJ violated its own policies and procedures when his Step 1 offender grievance form was returned to him unprocessed and untimely, causing the time to file a Step 2 grievance to expire.

Respondent contends Petitioner's claims are unexhausted because he did not raise them in a Step 2 grievance. However, Respondent does not move to dismiss Petitioner's claims for failure to exhaust his administrative remedies, because the time period in which to file a grievance has

expired. Instead, Respondent contends Petitioner's claims should be dismissed as procedurally defaulted. Alternatively, he argues the claims are without merit.

## DISCUSSION AND ANALYSIS

### A. Exhaustion of Administrative Remedies

The pending petition is governed by the federal habeas corpus statutes found at 28 U.S.C. § 2254. See, e.g., Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254.") (citations omitted). The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State[.]" Although decisions about prison grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. See Preiser v. Rodriguez, 411 U.S. 475, 492, 93 S. Ct. 1827, 1837 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems"). In fact, the Fifth Circuit has long held that inmates seeking relief from prison disciplinary cases must exhaust their available administrative remedies before pursuing a federal writ of habeas corpus. See Lerma v. Estelle, 585 F.2d 1297, 1299 (5th Cir. 1978).

Nevertheless, a court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2). As explained below, Petitioner's claims are without merit.

**B.     Restrictions**

As a result of the disciplinary hearing, Petitioner received 30 days loss of recreation and commissary privileges, 15 days solitary confinement and a reprimand. Tthese punishments do not trigger the Due Process Clause. In Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns. "They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." Id.

**C.     Reduction in Time Earning Class**

In addition to the above-listed punishments, Petitioner was reduced in line class from L1 to L3. To the extent Petitioner challenges his change in time-earning class these allegations also do not present grounds for federal habeas corpus relief. The Fifth Circuit has held the timing of a petitioner's release on mandatory supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

**D.     Loss of Good Time Credits**

Challenges to disciplinary proceedings do not generally raise a cognizable constitutional violation unless the petitioner has lost good time credits and is eligible for mandatory supervision. See Malchi, 211 F.3d at 957-58; Madison, 104 F.3d at 768. Respondent acknowledges Petitioner is eligible for mandatory supervision.

In Henson v. United States Bureau of Prisons, 213 F.3d 897 (5th Cir. 2000), the Fifth Circuit explained:

4

>When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements.  See Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454, 105 S. Ct. 2768 (1985) (noting the usual procedural requirements which must be observed – notice, an opportunity to present evidence, and written findings in support of the ruling – and stating that "some evidence" must support the ruling).  These requirements are flexible, however, and must necessarily be balanced against legitimate penological interests. See id.; Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.  Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001) (citing Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir.1981)).  On federal habeas review of prison disciplinary hearings, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion."  Smith v. Rabalais, 659 F.2d at 545.

    1.    Notice

The administrative records indicate Petitioner was notified of the disciplinary charges on February 28, 2006. (DHR at 1).  Petitioner's hearing was held the same day after he waived his right to advance notice.  (DHR at 1).

    2.    Opportunity to Present Evidence

The administrative record indicates Petitioner was informed of his right to call witnesses and present documentary evidence.  However, Petitioner did not request any witnesses or documentary evidence.

    3.    Written Findings in Support of the Ruling

Petitioner does not dispute the fact he received written findings in support of the hearing officer's ruling and finding of guilt.

      4.      <u>Some Evidence</u>

The findings of a prison disciplinary hearing are not subject to review by this court unless they are arbitrary and capricious. <u>Banuelos v. McFarland</u>, 41 F.3d 232, 234 (5th Cir. 1995). In reviewing such findings, the only question before this Court is whether the decision made was supported by "some" evidence. <u>Broussard v. Johnson</u>, 253 F.3d 874, 876 (5th Cir. 2001) (citing <u>Superintendent, Mass. Correctional Inst. v. Hill</u>, 472 U.S. 445, 454, 105 S. Ct. 2768, 2774 (1985)); <u>Black v. Warren</u>, 134 F.3d 732, 734 (5th Cir. 1998).

In reviewing the disciplinary records and disciplinary tape for Petitioner, the Court finds there was "some" evidence to support the hearing officer's finding of guilt. In this case, the evidence consists of Petitioner's testimony, the charging officer's report and testimony, Petitioner's Offender Protection Witness Statement/Report of Interview, and the Inter-Office Communications from Officer Threadgill and Officer Williams. (DHR 1-6). The evidence introduced at the hearing indicates Petitioner requested to be placed in lock-up because he was an escape risk. Petitioner explained an officer had written him a false case, and Petitioner's only option was to "beat his ass" or "hit the fence." Petitioner feared for his safety in the event he attempted to escape, because he believed he would be shot by the rover. He further indicated he needed to be placed in lock-up to prevent his assault on an officer. (DHR at 1-6). This is "some" evidence to support Petitioner's disciplinary action for threatening to escape and threatening to inflict harm, physical or otherwise, on an officer.

      5.      <u>Counsel Substitute</u>

To the extent Petitioner argues counsel substitute was ineffective his claim fails. The Supreme Court has determined "inmates do not have a right to either retained or appointed counsel

in disciplinary hearings." Baxter v. Palmigiano, 425 U.S. 308, 315, 96 S. Ct. 1551, 1556 (1976). Thus, Petitioner may not complain about the inadequacy of the representation he received. See Wainwright v. Torna, 455 U.S. 586, 587-88, 102 S. Ct. 1300, 1301 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of ineffective assistance of counsel . . .").

      6.      Prison Rules and Regulations

Finally, to the extent Petitioner alleges TDCJ rules and regulations were violated he fails to allege a federal claim. A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

**RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 22nd day of November, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE